# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC W. POIRIER,**

     **Petitioner,**

    **v.**            **Case No. 18-CV-1062**

**BRIAN FOSTER,**

     **Respondent.**

## ORDER AND RECOMMENDATION REGARDING PETITION FOR A WRIT OF HABEAS CORPUS

  Eric W. Poirier, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Poirier asks for leave to proceed without prepaying the $5.00 filing fee. Having reviewed Poirier's motion, declaration, and trust account statement the court finds he lacks the resources to pay the filing fee. Therefore, his motion (ECF No. 2) will be granted.

  The court must now screen his petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

answer, motion, or other response within a fixed time, or to take other action the judge may order.

As a preliminary matter, the court notes Poirier has not exhausted his remedies in state court. A petition for review remains pending in the Wisconsin Supreme Court. Poirier apparently is not optimistic that the Wisconsin Supreme Court will grant review. He writes: "The Supreme Court of wisconsin Denied the Petition For Review on _____, and this is ripe for review by the Federal Court. Both the Circuit Court, and State Court Of Appeals, and the Supreme Court of Wisconsin have ruled contrary to well established law of the United States." (ECF No. 1 at 7.) Poirier left a blank in his petition to fill in the date of the presumed denial. He further states, "Petitioner, knows the Wisconsin Supreme Court is going to deny his writ without costs, and review is ripe for this Court." (ECF No. 1 at 20.) Online records of the Wisconsin Supreme Court indicate that Poirier's petition for review with the Wisconsin Supreme Court remains pending. *See* Appeal Number 2017AP931-CR, available at https://wscca.wicourts.gov/.

Because Poirier has not yet exhausted his state court remedies, this court could not grant his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A). But that is a fixable problem. Poirier has a bigger problem with his habeas petition.

Poirier's habeas petition relates to deductions from his prison trust account to pay a fine imposed following a 2003 drunk driving conviction. *See* Chippewa Cnty Cir. Ct Case No. 2003CT61; (ECF No. 1 at 2.) According to the Wisconsin Court of Appeals'

decision (ECF No. 1-4 at 15-21), as a consequence of his 2003 drunk driving conviction the court assessed fines, court costs, and surcharges totaling $1,184. (ECF No. 1-4 at 16, ¶ 2.) Fourteen years later the circuit court entered an order assigning income from Poirier's prison account in the amount of $1,184. (ECF No. 1-4 at 16, ¶ 3); *see also* Wis. Stat. § 973.05(4)(b). Poirier's habeas petition argues that this was unlawful.

Relief under 28 U.S.C. § 2254 is limited. Habeas relief may be granted to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Poirier is clearly in custody and will be for the next few decades. But his habeas petition does not contend that he is custody in violation of the Constitution or laws or treaties of the United States. *See Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008) ("The plain language of the statute therefore commands that courts entertain habeas petitions 'only' on the ground that a prisoner is 'in custody,' and, by linking a court's ability to entertain a habeas petition to the particular relief sought, the language of the statute prevents consideration of pendent challenges.").

Rather, Poirier's challenge is to the imposition of a fine, and specifically the means by which the state courts have been collecting that fine. But a fine does not constitute custody for purposes of § 2254. *Hanson v. Circuit Court of First Judicial Circuit*, 591 F.2d 404, 407 (7th Cir. 1979); *see also Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010) ("We have repeatedly recognized that the imposition of a fine, by itself, is not sufficient

to meet § 2254's jurisdictional requirements.") (citing cases); *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) (quoting *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) ("[t]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes.").

Even if the court agreed with Poirier and concluded that the collection of the fine was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), it would have no effect upon his custody. Stated another way, the collection of the fine does not "significantly restrain [his] liberty," *see Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (ellipses omitted)). There are not, nor will there ever be, any custodial consequences to the imposition or collection of the fine. In fact, Poirier does not seek any such relief. Rather, the relief he seeks is as follows: "Petitioner Prays this Court will impose a fine against the lower Courts for ruling against him, and return the monies they have already taken making his sentence more harsh than it was when imposed." (ECF No. 1 at 20.)

Consequently, the court concludes that it lacks jurisdiction over Poirier's petition. Therefore, it recommends that his habeas petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases because "it plainly appears from the petition

4

and any attached exhibits that the petitioner is not entitled to relief in the district court …."

**IT IS THEREFORE ORDERED** that Porier's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **granted**.

**IT IS THEREFORE RECOMMENDED** that Porier's petition be dismissed for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 2nd day of August, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

5