UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC W. POIRIER,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 18-cv-1062-pp

BRIAN FOSTER,

        Defendant.

---

**ORDER ADOPTING JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 8), DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DENYING AS MOOT PETITIONER'S MOTION TO STAY (DKT. NO. 9), DENYING AS MOOT PETITIONER'S MOTION TO LIFT PLACEHOLDER PETITION TO HOLD PETITION IN ABEYANCE (DKT. NO. 11), DENYING AS MOOT PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION, AND DENYING CERTIFICATE OF APPEALABILITY**

---

        The petitioner filed a petition for writ of *habeas corpus* challenging a 2017 order assigning income from his prisoner trust account to pay a fine imposed for in Chippewa County Circuit Court Case No. 2003CT61. Dkt. No. 1. Judge William E. Duffin granted his request to proceed without prepayment of the $5.00 filing fee. Dkt. No. 7. When he screened the petition, Judge Duffin concluded that the court lacked subject matter jurisdiction because the petitioner had failed to state a cognizable claim for *habeas* relief. Dkt. No. 8. Although the petitioner did not file an objection to the recommendation, he made his objections clear in his motion to stay, dkt. no. 9, his proposed amended petition (a brief), dkt. no. 10, and his motion to lift placeholder

1

petition to hold petition in abeyance, dkt. no. 11. This court has reviewed the petition under a *de novo* standard and will adopt Judge Duffin's recommendation, deny the petition and deny as moot all other pending motions.

I.  **BACKGROUND**

The petition doesn't clearly explain the assignment order or the underlying convictions, but the 208 exhibits attached to the petition help to clarify the procedural background. Dkt. Nos. 1-1, 1-2, 1-3 and 1-4. The petitioner pled guilty in Chippewa County Circuit Court Case No. 2003CT61 to operating a motor vehicle with a prohibited alcohol concentration as a third offense. Dkt. No. 1-3 at 17; State v. Poirier, 382 Wis. 2d 831 (Ct. App. 2018). The circuit court judge imposed a sentence of thirty days and revoked the petitioner's license for twenty-four months. Dkt. No. 1-3 at 17. The December 19, 2003 judgment includes fines and costs in the amount of $1,184 (a fine of $754, court costs of $375, "other" of $5, and a mandatory victim/witness surcharge of $50). Id.

A jury convicted the petitioner in a second case, Chippewa County Case No. 2004CF19, on the following counts (each as a repeater): (1) attempted first degree-intentional homicide; (2) possession of a firearm by a felon; (3) operating a motor vehicle without the owner's consent; (4) burglary of a building or dwelling; (5) aggravated battery; and (6) first-degree reckless injury. Dkt. No. 1-1 at 19. Judge Roderick Cameron imposed a sentence of forty years followed by twenty years of supervision. Id. During that sentencing on October 28, 2004,

the petitioner asked about his failure to report to jail for thirty days in the drunk driving case because he already had served nine months in jail. Dkt. No. 1-3 at 24. The judge said he would find that the petitioner had satisfied that sentence. Id.

Fourteen years later, Chippewa County Circuit Court Judge Cray entered an income assignment order for unpaid fines and other financial obligations in Case No. 2003CT61. Dkt. No. 1-1 at 16; Dkt. No. 1-3 at 20. The order states that the debtor (the petitioner in this case) owes $1,184 in unpaid fines and directs the prison to collect 25% of the petitioner's gross income per pay period, commencing on receipt of the order. Id. On April 25, 2017, the petitioner objected to the income assignment. By letter dated May 10, 2017, Judge Cray explained to the petitioner that he had reviewed the transcript from Case No. 2004CF19 and that Judge Cameron did not forgive the fine and costs. Id. Judge Cray said that because the sum remained unpaid, the assignment order had been "entirely appropriate" and the petitioner's argument had "no factual basis." Id.

The petitioner filed an appeal and motion for permanent injunctive relief. Id. at 40. On appeal, the petitioner did not respond to the state's arguments that an assignment order may be entered under Wis. Stat. §973.05(4)(b) for unpaid fines, surcharges, costs and fees. State v. Poirier, 2018 WL 2107252, *2 (Wis. Ct. App. May 8, 2018). The Wisconsin Court of Appeals affirmed the entry of the assignment order. Id. The court explained that the entry of the order did not create an *ex post facto* violation because it did not constitute a new

3

sentence. Id. The petitioner never argued he had paid the fine from his 2003CT61 conviction or that the entry of the order was improper under Wis. Stat. §973.05(4). Id. The court rejected the petitioner's argument that an assignment order could somehow violate the rule that a civil commitment could not be the basis for a criminal punishment. Id. Finally, the court refused to consider a double jeopardy argument because the petitioner never raised that argument in the courts below. Id.

The petitioner filed this federal *habeas* petition on July 11, 2018. Dkt. No. 1. The Wisconsin Supreme Court denied his petition for review on September 4, 2018. State v. Poirier, 284 Wis. 2d 769 (2018); Dkt. No. 101 at 53. The record reveals that petitioner filed numerous information requests with the prison objecting to the deductions from his account. Dkt. No. 1-2 at 7-55; 1-3 at 1-4.

## II. RECOMMENDATION (DKT. NO. 8)

Judge Duffin concluded that the petitioner had not exhausted his remedies in the state court because at the time he filed his *habeas* petition, the Wisconsin Supreme Court had not yet ruled on his petition for review. Dkt. No. 8 at 2. Judge Duffin recommended that this court dismiss the *habeas* petition because the court lacked jurisdiction and because the petitioner had not stated a cognizable claim under §2254. Id. As to the failure to state a claim, Judge Duffin reasoned that the petitioner was challenging the deductions from his prison trust account for the fine imposed in the drunk driving conviction in Case No. 2003CT61. Id. Although the petitioner remains in custody on his

4

forty-year sentence in Case No. 2004CF19, the pending petition challenges the assignment order arising from the fine imposed in 2003CT61 rather than the sentence imposed in 2004CF19. Id. Judge Duffin concluded that a *fine* does not constitute *custody* for purposes of §2254. Hanson v. Circuit Court of First Judicial Circuit, 591 F.2d 404, 407 (7th Cir. 1979) (holding that a fine-only conviction is not a restraint on individual liberty). Judge Duffin explained that there are no custodial consequences to the collection of the fine in this case. Id. at 4.

**III.  MOTION TO STAY AND AMENDED PETITION (DKT. NOS. 9, 10)**

The petitioner did not file an objection to Judge Duffin's recommendation, even though Judge Duffin explained at the end of the order that if the petitioner wanted to contest the decision, he had to file a written objection within fourteen days of Judge Duffin's order. Dkt. No. 8 at 5. Instead, the petitioner filed a motion to hold his petition in abeyance while he returned to state court to exhaust his claims. Dkt. No. 9 at 4. He explained that he had already filed a petition for review with the Wisconsin Supreme Court, that that court had not yet ruled on his petition and that the court should hold the federal *habeas* petition in abeyance to let the Supreme Court rule and to allow him to amend his federal petition based on the Supreme Court's ruling. Id.

A month later, the petitioner filed a proposed amended petition with exhibits. Dkt. No. 10. He did not use the required form (as he had for the original petition). Dkt. No. 1. Instead, he filed a five-page brief explaining that on September 6, 2018, he had received the Supreme Court's decision denying

5

his petition for review. Id. at 1. Given that fact, he argued that it would be "pointless" for him to return to the lower courts, and he argued that the petition is ripe for review. Id. at 4. According to the petitioner, the order assigning income from his prison account is a double prosecution in violation of the due process clause, id. at 3, and constitutes double jeopardy, id. at 4. The petitioner asks that the court order the Department of Corrections to stop taking money out of all his trust accounts and return all monies illegally taken. Id. at 5.

## IV. MOTION TO LIFT "PLACEHOLDER" PETITION TO HOLD PETITION IN ABEYANCE (DKT. NO. 11)

The petitioner filed a motion to lift his "placeholder" motion to hold his petition in abeyance. It appears that he would like to withdraw his motion to stay and have the court rule on his pending petition. Dkt. No. 11.

## V. MOTION FOR EXPEDITED CONSIDERATION (DKT. NO. 12)

The petitioner most recently filed a motion for expedited consideration. The court will deny this motion as moot. Dkt. No. 12.

## VI. ANALYSIS

If a party objects to a magistrate judge's recommendation, the district court must conduct a *de novo* of any parts of the recommendation to which the party objected. 28 U.S.C. §636(b)(1)(C). The petitioner did not object to the recommendation, but his motion to stay and his proposed amended petition (which is really a brief) make clear that does he not agree with Judge Duffin's conclusions. The court construes the motion to stay as a timely filed objection and reviews the underlying petition *de novo*.

6

The documents attached to the petition show that the petitioner is challenging the order requiring the prison to collect the previously-imposed fine from his trust account. He claims "judicial error," and his brief cites the due process clause, double jeopardy and the *ex post facto* clause.  *Habeas* relief is available only if one argues that one's custody is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a). The plain language of the statute requires that the court entertain *habeas* petitioners only on the ground that the person is unlawfully "in custody." Virsnieks v. Smith, 521 F.3d 707, 721 (7th Cir. 2008). Although the petitioner is in custody, that custody resulted from charges in a criminal case that was not related to the case in which the fine and costs were imposed. Further, the fact that the court imposed a thirty-day sentence in Case No. 2003CT61—the case where the fine and costs were imposed—does not make his challenge to the fine cognizable. The court does not have "pendent" jurisdiction over non-cognizable claims. Id. The petitioner's challenge to the circuit court's order collecting a fine does not state a constitutional or federal claim cognizable under §2254.

The Seventh Circuit considered a similar argument in Virsnieks, where a petitioner argued that the court's order requiring him to register as a sex offender increased his sentence beyond the maximum authorized by statute. Versnieks, 521 F.3d at 717. The Seventh Circuit explained that *habeas* petitioners must establish that they are subject to conditions that "significantly restrain . . . [their] liberty." Id. (citing Jones v. Cunningham, 371 U.S. 236, 232

7

(1963)). "In accordance with these principles, courts have held that orders of restitution, fines and the revocation of medical and driver's licenses to do not satisfy the 'in custody' requirement." Id. at 718. The Fifth Circuit, for example, held that an ineffective assistance of counsel claim was not cognizable to the extent it related to a fine even though the other claims in the same petition were cognizable. Id. at 721-22 (citing United States v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994)). The court concluded that "allowing state habeas petitioners to bring [non-cognizable] claims would increase the potential for incongruence." Id. at 722.

While the petitioner now has demonstrated that he exhausted his claim in the Wisconsin courts, that does not change the fact that he has not stated a cognizable claim for *habeas* relief in this federal petition. The court will dismiss the petition.

## VII. CONCLUSION

The court **ADOPTS** Judge Duffin's report and recommendation. Dkt. No. 8. The court **DISMISSES** the petitioner's petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion to stay. Dkt. No. 9. The court **DENIES AS MOOT** the petitioner's motion to lift the placeholder petition to hold the petition in abeyance. Dkt. No. 11. The court **DENIES AS MOOT** the petitioner's motion for expedited consideration. Dkt. No. 12.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that a district court "must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." "To obtain a certificate of appealability, the applicant must make a 'substantial showing of the denial of a constitutional right.'" Smith v. Wisconsin Court of Appeals, Case No. 17-cv-49-bbc, 2017 WL 3128228, *2 (W.D. Wis. May 22, 2017) (quoting 28 U.S.C. §2253(c)(2) and Tennard v. Dretke, 542 U.S. 274, 282 (2004). "This means that 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Id. (quoting Miller-El v. Cockerell, 537 U.S. 322, 336 (2003). While Rule 11(a) allows the court to obtain arguments from the parties regarding whether it should issue a certificate, the court will not do so in this case, because the question is not close. There is no question that the petition fails to raise an issue cognizable on *habeas* review. The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 25th day of February, 2019.

                                            **BY THE COURT:**

                                            **HON. PAMELA PEPPER**
                                            **United States District Judge**