UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC W. POIRIER

        Petitioner,

v.

        Case No. 18-cv-1062-pp

BRIAN FOSTER,

        Respondent.

**ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION (DKT. NOS. 16, 18), DENYING AS MOOT MOTION TO EXPEDITE CONSIDERATION (DKT. NO. 17) AND DENYING MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 22)**

On February 25, 2019, this court adopted Judge Duffin's recommendation to dismiss the petition for a writ of *habeas* corpus, in which the petitioner challenged a 2017 state order assigning income from his prisoner trust account to pay a fine imposed in Chippewa County Circuit Court Case No. 2003CT61. Dkt. No. 14. Judge Duffin recommended that this court dismiss the case because the petitioner's fine did not constitute "custody" for purposes of 28 U.S.C. §2254 relief. Id. 3-5 (citing Hanson v. Circuit Court of First Judicial Circuit, 591 F.2d 404, 407 (7th Cir. 1979) (holding that a fine-only conviction is not a restraint on individual liberty)). The court construed the petitioner's motions to amend the petition and his motion to hold his petition in abeyance as objections to the report and recommendation. Id. at 6. In overruling those objections, the court agreed with Judge Duffin that the fine

1

did not satisfy the "in custody" requirement of §2254 and, accordingly, that the petitioner had not stated a claim for relief. Id. at 7-8 (citing Virsnieks v. Smith, 521 F.3d 707, 721 (7th Cir. 2008). The court entered judgment on February 25, 2019. Dkt. No. 15.

On March 11, 2019, the petitioner filed a motion to reconsider. Dkt. No. 16. On May 10, 2019, he asked the court to expedite ruling on his motion for reconsideration. Dkt. No. 17. On September 30, 2019, he filed a second motion for reconsideration. Dkt. No. 18. In January of 2020, the petitioner filed a notice of appeal (dkt. no. 20) and a motion for leave to appeal without prepaying the $505 appellate filing fee (dkt. no. 22).

## I. Motions for Reconsideration (Dkt. Nos. 16, 18)

### A. Subject Matter Jurisdiction

On January 17, 2020, the petitioner filed a notice of appeal. Dkt. No. 22. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also United States v. Taylor, 796 F.3d 788, 791 (7th Cir. 2015). The fact that the petitioner filed motions for reconsideration (dkt. nos. 16 and 18), however, means that Federal Rule of Appellate Procedure 4(a)(4) applies:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

2

Fed. R. App. P. 4(a)(4)(B)(i). Rule 4(a)(4)(A) includes, among others, motions brought under Rule 59(e) or Rule 60(b). The scenario contemplated by Rule 4(a)(4)(B)(i) occurred here; the petitioner filed motions for reconsideration (which remain pending) then filed a notice of appeal. Under Fed. R. App. P. 4(a)(4)(B)(i), the court retains jurisdiction to decide the motions for reconsideration because the notice of appeal will not take effect until the court decides the reconsideration motions.

B. Standard

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Roth, 2010 WL 1541343, at *2 (E.D. Wis. April 10, 2010). However, courts in the Seventh Circuit generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862, TWP-DML, 2016 WL 4798988, at *1 (S.D. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Rule 60(b) is available where a movant files within a "reasonable amount of time" after final order and judgment. The petitioner filed the first motion to reconsider approximately two weeks after the final judgment, which means the court may analyze it under either Rule 59(e) or Rule 60(b).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing

3

Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). "A 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. American Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly-discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

4

C.  Application

The petitioner's motions do not identify any manifest error of law or newly discovered evidence that the court failed to consider. In the first motion, he lays out the portions of the court's decision with which he disagrees. Dkt. No. 16. But he does not cite any authority supporting his argument that the fine imposed in his 2003 case satisfies the "in custody" requirement of §2254. The same is true of the second motion to reconsider. Dkt. No. 18. The court will deny these motions.

**II.  Motion To Expedite Consideration (Dkt. No. 17)**

The petitioner's May 10, 2019 motion asked the court to expedite consideration of his March 11, 2019 motion for reconsideration. Dkt. No. 17. The court now has analyzed that motion and will deny the motion to expedite as moot.

**III.  Motion for Leave to Appeal Without Prepayment of the Filing Fee (Dkt. No. 22)**

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996).

As for good faith, district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court's February 25, 2019 order declined to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000). "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, claims that no reasonable person could suppose have any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The petitioner's affidavit of indigence states that he has $700 in his prison bank account and $1,055.93 in his release account, but that he can't access his release account until 2064. Dkt. No. 22 at 2. Although he claims to

6

have no income from any source, he also indicates he has "total monthly income" of $35 a month. Id.

The $700 the petitioner had in his prison account in January is sufficient to allow him to pay the $505 filing fee. The court cannot find that he is indigent. Even if the court found that the petitioner could not afford the $505 filing fee, the court cannot find that the petitioner has taken this appeal in good faith. He has identified no authority to undermine the court's conclusion that his fine-only sentence does not raise a cognizable claim for §2254 relief. The court will deny the motion for leave to appeal without prepaying the filing fee.

### III. Conclusion

The court **DENIES** the petitioner's motions for reconsideration. Dkt. Nos. 16, 18.

The court **DENIES AS MOOT** the petitioner's motion to expedite reconsideration. Dkt. No. 17.

The court **DENIES** the petitioner's motion for leave to proceed without prepayment of the appellate filing fee. Dkt. No. 22.

Dated in Milwaukee, Wisconsin this 11th day of June, 2020.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**
